UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ANDERSON SAMAROO, CLINT LALDEO and
DOWLAT RAMDIHAL, Individually, On Behalf of All
Others Similarly Situated and as Class Representatives,

                                                  Plaintiffs,

                       -against-

DELUXE DELIVERY SYSTEMS INC., COURIER ON
THE RUN, INC., PARK AVENUE DELIVERY, INC. and
YOINDRA ("RYAN") RAMNARAYAN,

                                                Defendants.
-----------------------------------------------------------------------X

**AMENDED COMPLAINT**

**11 Civ. 03391 (PAC) (THK)**

**PLAINTIFFS DEMAND A
TRIAL BY JURY**

**ECF CASE**

        Plaintiffs Anderson Samaroo, Clint Laldeo and Dowlat Ramdihal ("Plaintiffs"),

individually, on behalf of themselves and all others similarly situated and as Class

Representatives by their attorneys, Lipman & Plesur, LLP, complain of Defendants Deluxe

Delivery Systems Inc. ("DDS"), Courier on the Run, Inc., Park Avenue Delivery, Inc. and

Yoindra ("Ryan") Ramnarayan (collectively referred to herein as "defendants") as follows:

### PRELIMINARY STATEMENT

        1.      Plaintiffs complain on behalf of themselves, and other current and former

employees of defendants throughout the United States, who are or were employed by defendants

as couriers, messengers, deliverers, dispatchers and other titles or in a similarly situated capacity

who may elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C.A. §

216(b) ("FLSA"), that they are owed: (i) minimum wages; (ii) overtime premium pay, and (iii)

liquidated damages pursuant to the FLSA.

        2.      Plaintiffs further complain pursuant to Fed. R. Civ. Proc. 23 on behalf of

themselves, and a putative class of other similarly situated current and former employees of

defendants who worked as couriers, messengers, deliverers, dispatchers and other titles or in a

similarly situated capacity in New York, that they are owed (1) additional wages from defendants

for failure to pay minimum wages and overtime premium pay pursuant to the New York State

Miscellaneous Industries and Occupations Wage Order, N.Y. Comp. Codes R. & Regs. Tit. 12, §

142, the New York Minimum Wage Act, New York Labor Law §§ 190 et seq. and New York

Labor Law §§ 650 et seq. (hereinafter collectively referred to as "NYLL"); and, (2) additional

amounts for unlawful deductions from wages pursuant to NYLL § 193 et seq.  Plaintiffs

Samaroo, Laldeo and Ramdihal also allege that they were retaliated against in violation of NYLL

§ 215 for complaining about unlawful wages.

## JURISDICTION AND VENUE

3.      Plaintiffs invoke the jurisdiction of this Court pursuant to the Fair Labor

Standards Act, 29 U.S.C. § 216, and the supplemental jurisdiction statute, 28 U.S.C. § 1367, in

that the state and federal claims arise from a common nucleus of operative facts such that they

are so related that they form part of the same case or controversy under Article III of the United

States Constitution.

4.      The venue of this action is proper because the events or omissions giving

rise to the claims occurred within, and defendants conduct business within, the Southern District

of New York.

## PARTIES

5.      Plaintiffs and their similarly situated co-workers were employed by

defendants and held positions as couriers, messengers, deliverers, dispatchers and other titles or

2

in a similarly situated capacity.

6.      Plaintiff Anderson Samaroo ("Plaintiff Samaroo") is an adult individual residing in Queens County, New York. Plaintiff Samaroo was employed by defendants as a courier from in or about early 2008 to in or about August 2009.

7.      Plaintiff Clint Laldeo ("Plaintiff Laldeo") is an adult individual residing in Queens County, New York. Plaintiff Laldeo was employed by defendants as a courier from on or about February 5, 2008 to in or about January 2011.

8.      Plaintiff Dowlat Ramdihal ("Plaintiff Ramdihal") is an adult individual residing in Bronx County, New York. Plaintiff Ramdihal was employed by defendants as a dispatcher from on or about February 22, 2010 to on or about June 24, 2011. Previously, Plaintiff Ramdihal was employed by defendant as a foot courier from in or about January 2008 to in or about July 2008.

9.      Deluxe Delivery Systems Inc. is headquartered at 64 West 48th Street, 4th Floor, New York, New York and, *inter alia*, is a national courier/delivery and logistics solutions company with facilities in the Northeast and city centers.

10.     Upon information and belief, Defendant Yoindra ("Ryan") Ramnarayan ("Defendant Ryan") serves as an officer of DDS.

11.     Defendant Ryan, the individual defendant, has engaged in business in New York and other locations throughout the United States and is sued individually and in his capacity as an owner, officer and/or agent of Defendant DDS.

12.     Defendant DDS is operated jointly by individual Defendant Ryan together with Defendant DDS.

13.     Defendant Ryan was the principal, agent, partner, joint venturer, controlling shareholder of the other defendants, and/or was engaged with the other defendants in a joint enterprise for profit, and bore such other relationships to the other defendants so as to be liable for their conduct.

14.     Upon information and belief, Defendant Ryan had responsibility for defendants' wage-hour policies and practices.

15.     At all relevant times, defendants affected commerce within the meaning of 29 U.S.C. § 203(b).

16.     Upon information and belief, Defendant Deluxe Delivery Systems Inc. is a domestic corporation organized and existing under the laws of the State of New York.

17.     Upon information and belief, Defendant Courier on the Run, Inc. is a domestic corporation organized and existing under the laws of the State of New York.

18.     Upon information and belief, Defendant Park Avenue Delivery, Inc. is a domestic corporation organized and existing under the laws of the State of New York.

19.     The gross annual volume of sales made or business done by defendants, for each year of the past three years, was not less than $500,000.00.

20.     At all relevant times, defendants were plaintiffs' employer within the meaning of the FLSA and NYLL.

21.     Defendants have the power to hire and fire plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for plaintiffs' services.

4

## CLASS ACTION ALLEGATIONS

22.     The representative plaintiffs bring this action on behalf of themselves and all others similarly situated, pursuant to 29 U.S.C. § 216(b).

23.     Plaintiffs sue on their own behalf and on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure.

24.     Plaintiffs bring this class action on behalf of all persons employed by defendants in New York as couriers, messengers, deliverers, dispatchers and other titles or in a similarly situated capacity (hereinafter "plaintiffs" will refer to all representative plaintiffs and putative class members) who: (a) were not paid overtime premium pay for all hours worked in excess of 40 per workweek; and/or (b) were not compensated with at least minimum wage for all hours worked; and/or (c) were subjected to improper deductions from wages, at any time during the maximum class period permitted by state law.

25.     Defendants have willfully engaged in a pattern, practice and policy of unlawful conduct by failing to record, credit or compensate all work performed, failing to pay minimum wage, failing to pay overtime premium pay and subjecting the class to improper wage deductions.

26.     The employees in the class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of defendants, upon information and belief, there are believed to be at least 40 members of the putative class during the applicable class periods.  There are questions of law and fact common to the class that predominate over any questions affecting only individual members.  The claims of

the representative plaintiffs are typical of the claims of the class.

   27. The representative plaintiffs will fairly and adequately protect the interests of the class. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

   28. There are questions of law and fact common to the Class which predominate over questions affecting only individual members of the Class, including:

     a. Whether defendants misclassified plaintiffs as independent contractors;

     b. Whether plaintiffs were denied overtime premium pay for hours worked in excess of 40 in a workweek;

     c. Whether defendants failed to pay plaintiffs minimum wages for all work time;

     d. Whether paychecks were withheld due to alleged damage or improper work;

     e. Whether defendants wrongly required plaintiffs to pay for the "tools of the trade" necessary to do the work; and,

     f. Whether defendants improperly made deductions from plaintiffs' wages.

## FACTS

   29. Defendants operate a delivery/courier and software/logistics company that

provides services to many major corporations and government agencies in the New York metropolitan region and elsewhere.

30.     Defendants maintain, *inter alia*, headquarters in Manhattan, approximately ten additional offices in and around New York City, an office in Washington, DC and a warehouse facility which is located in Brooklyn, New York.

31.     Upon information and belief, defendants employ dozens of couriers and treat them all as independent contractors.  They work as either vehicle, bicycle or walk couriers (hereinafter "plaintiff couriers").

32.     Plaintiffs Samaroo and Laldeo were employed as vehicle couriers.

33.     Plaintiff Ramdihal was employed as a dispatcher and walk courier.

34.     Upon information and belief, all of the individuals employed by defendants as couriers, messengers, deliverers and/or other similar titles were similarly situated, performing similar duties, without receiving overtime premium pay, sometimes not receiving minimum wages and all were subjected to various improper deductions from wages and/or required to pay for the "tools of the trade" necessary to do the work.

35.     Upon information and belief, all of the individuals employed by defendants as dispatchers and/or similar titles were similarly situated, performing similar duties, without receiving overtime premium pay.

36.     Plaintiffs Samaroo, Laldeo and the putative class members who were employed as vehicle or bicycle couriers were paid wages based on the number of jobs they completed.

37.     Upon information and belief, some plaintiff couriers had a route and were

7

paid a daily rate.

38.     Plaintiff Ramdihal was paid an hourly rate as a walk courier and dispatcher but in these positions, defendants failed to pay overtime premium pay.

39.     Plaintiffs were required to arrive at the office, headquarters or the warehouse by between 6:30 and 8:00 a.m.

40.     Subsequent to leaving with a route or a job, plaintiff couriers traveled to and from customers' locations picking up and delivering packages, envelopes, small boxes or, occasionally, very large items that could weigh up to 300 pounds.

41.     Throughout the day, the defendants' managers were in communication with the plaintiff couriers, giving them instructions about how and when to do the work and at times, some managers, were very hostile and abusive, threatening termination or other discipline.

42.     At the end of the day or after completion of a job, plaintiff couriers were required to return to the headquarters, office or warehouse to complete and submit required paperwork.

43.     Upon information and belief, most of the couriers did not stop working until very late in the day, at times, 8:30 or 9:00 p.m. or even later.

44.     Plaintiffs worked five to seven days per week for defendants.

45.     Dispatchers worked a 50 to 60 hour week for defendants.

46.     At times, vehicle couriers traveled up to 100 miles for a pick-up and delivery and were compensated $7.00 for the job.

47.     Plaintiff couriers were not allowed to and did not have the ability to negotiate any fee.

48.     Plaintiff couriers worked very long hours for low pay such that they were, at times, not paid even minimum wage.

49.     Defendants did not provide a rate sheet or any information about the amounts charged to customers.

50.     Defendants did not provide a rate sheet or any information about the amounts/fees paid to plaintiffs.

51.     Plaintiff couriers were not free to decline jobs or permitted to refuse work based on any conditions.  Plaintiff couriers who declined a job were terminated or punished by being denied work completely.

52.     The plaintiff couriers were required to be available to accept work from defendants on a full-time basis and throughout the day, they were not allowed to work for other companies or attend classes, go to school events or to stop working to take care of a personal matter.

53.     On some occasions, plaintiff couriers learned what customers were paying for a job and became aware that they were not being paid the fee promised for the job.

54.     Defendants, upon information and belief, tampered with the computer records regarding what customers paid for jobs so that plaintiffs could not determine the wages for a particular job.

55.     Defendants mandated that plaintiffs work at least five days per week but sometimes demanded that they work six or seven days per week, all day.

56.     Defendants controlled the route or job order of pick-ups and deliveries and gave directions to the plaintiff couriers.

57.     Defendants mandated the specific pick-up and delivery time for the packages and other items being delivered.

58.     Defendants specified the amount of time to be spent on each job and provided uniforms.  Further, defendants mandated that specific protocols for pick-up and delivery be followed.

59.     Defendants required plaintiff couriers to rent company-issued Nextel two-way radios from them for communications.

60.     Plaintiffs were not permitted to refuse a job and were required to accept all jobs, routes, shifts and assignments and to work at least five, full days per week.

61.     Plaintiff couriers were not permitted to address or resolve customer complaints or issues.

62.     Plaintiff couriers were not permitted to arrange for a substitute or engage other couriers.  If they failed to come to work, they were punished and not given work for a period of time or otherwise fired.  Plaintiff couriers were required to perform all work personally.

63.     Manifests were provided free of charge to the plaintiff couriers.

64.     Defendants did not maintain a time-keeping system or time clock.

65.     Defendants marketed their services by, *inter alia*, indicating that they have quality staffing and training for their couriers.  Further, defendants tout their state of the art communication technology used by couriers.

66.     The plaintiffs were never paid an overtime rate although they regularly worked more than 40 hours in a work week.

67.     Plaintiffs' wages were, at times, subject to deductions by defendants for

various alleged offenses, including, *inter alia*, lost or missing packages, damages, late charges or incomplete delivery charges.

68.    Plaintiffs Samaroo, Laldeo and Ramdihal complained about the low wages and long hours, and about how they were not earning minimum wage or overtime.  Plaintiffs were penalized by defendants with disciplinary counseling, refusing to give them work and ultimately subjected to termination of their employment.  Defendants' managers would respond to the complaints with comments like, "that's the way it is" or "if you don't like it, leave" or "we can get rid of you and replace you in a heartbeat, there's a lot of people out there who want jobs."

69.    Upon information and belief, the required posters and notices regarding minimum wage and overtime were not posted and there was no notice provided to employees regarding their rights under the FLSA or the NYLL.

70.    On the grounds of equitable tolling, the statute of limitations for all claims asserted by plaintiffs and the putative class members should be tolled due to the failure to provide appropriate and required notice of the law.

## AS AND FOR A FIRST CAUSE OF ACTION

### Violation of the Minimum Wage Provisions of the FLSA

71.    Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 70 of this Complaint.

72.    At times, defendants failed to pay plaintiffs at the applicable minimum hourly rate in violation of 29 U.S.C. § 206(a).

73.    Defendants' failure to pay plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

74.   Plaintiffs have been damaged in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION

**Violation of the Overtime Provisions of the FLSA**

75.   Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 74 of this Amended Complaint.

76.   Defendants failed to pay plaintiffs overtime compensation of one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

77.   Defendants' failure to pay plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

78.   Plaintiffs have been damaged in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION

**Violation of the New York Minimum Wage Act**

79.   Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 78 of this Amended Complaint.

80.   At times, defendants failed to pay plaintiffs and the putative Class at the applicable minimum hourly rate and for "spread of hours," in violation of the NYLL.

81.   Defendants' failure to pay plaintiffs at the applicable minimum hourly rate and "spread of hours" pay was willful within the meaning of the NYLL.

82.   Plaintiffs and the putative Class have been damaged in an amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION

### Violation of the Overtime Provisions of the New York Labor Law

83.     Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 82 of this Amended Complaint.

84.     Defendants failed to pay plaintiffs and the putative Class overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek, in violation of the NYLL.

85.     Defendants' failure to pay plaintiffs overtime compensation was willful within the meaning of the NYLL.

86.     Plaintiffs and the putative Class have been damaged in an amount to be determined at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION

### Violation of the FLSA - Unlawful Deductions/Tools of the Trade Violations

87.     Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 86 of this Amended Complaint.

88.     Defendants required plaintiffs to provide and/or pay for the "tools of the trade" necessary to do the work of a Driver.

89.     Defendants thereby violated 29 CFR § 531.35 and paid less than the lawfully required minimum and overtime rates as a result of said deductions.

## AS AND FOR A SIXTH CAUSE OF ACTION

### NYLL Section 193 Claim

90.     Plaintiffs repeat and reallege each and every allegation made in paragraphs

13

1 through 89 of this Amended Complaint.

91.     Defendants subjected plaintiffs to unlawful deductions from wages and otherwise required plaintiffs to incur expenses to keep their jobs.

92.     By deducting wages and requiring that such expenses be incurred by plaintiffs, defendants violated the NYLL and NYLL §§ 193, 198-b and N.Y.C.R.R. tit. 12, § 137-2.5.

93.     Plaintiffs and the putative class members have been damaged in an amount to be determined at trial.

## AS AND FOR A SEVENTH CAUSE OF ACTION

### Retaliation Under the NYLL

94.     Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 93 of this Amended Complaint.

95.     By punishing Plaintiffs Samaroo, Laldeo and Ramdihal in retaliation for complaining about violations of the New York Labor Law, defendants violated NYLL § 215.

96.     Pursuant to NYLL § 215, notice of this violation has been served upon the Attorney General of the State of New York.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court enter a judgment:

A.     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

14

B.      Certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure for all putative class members for applicable claims under NYLL;

C.      Awarding plaintiffs damages for the amount of unpaid wages, including minimum wages and overtime premiums, under the FLSA and NYLL;

D.      Awarding plaintiffs damages for the amounts unlawfully deducted from wages, under the FLSA and the NYLL;

E.      Awarding representative Plaintiffs Samaroo, Laldeo and Ramdihal damages related to retaliation.

F.      Awarding plaintiffs liquidated damages pursuant to 29 U.S.C. § 216(b) and the NYLL;

G.      Declaring defendants' conduct complained of herein to be in violation of the plaintiffs' and the Class's rights as secured by the NYLL and that it must cease;

H.      Awarding plaintiffs pre-judgment interest;

I.      Awarding plaintiffs the costs of this action together with reasonable attorneys' fees; and,

J.      Granting such other injunctive and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury on all questions of fact raised by the Amended Complaint.

15

Dated: Jericho, New York
      September 1, 2011

Respectfully submitted,

By: _____

David A. Robins
robins@lipmanplesur.com
Lizabeth Schalet
schalet@lipmanplesur.com
Robert D. Lipman
lipman@lipmanplesur.com
Lipman & Plesur, LLP
500 North Broadway, Suite 105
Jericho, NY 11753-2131
Telephone:    (516) 931-0050
Facsimile:    (516) 931-0030

16