**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDERSON SAMAROO, CLINT LALDEO and DOWLAT RAMDIHAL, individually and on behalf of all others similarly situated and as class representatives, | Case No. 11 Civ. 3391 (HBP) |
| Plaintiffs, | |
| v. | |
| DELUXE DELIVERY SYSTEMS, INC., COURIER ON THE RUN, INC., PARK AVENUE DELIVERY, INC. and YOINDRA (öRYANö) RAMNARAYAN, | **DECLARATION OF SUSAN BURNS** |
| Defendants. | |

Susan Burns, hereby declares to the Court as follows:

1.      I am an attorney at law in the State of New York.  I make this Certification in Support of the Defendantsø Motion to Enforce the Settlement in this matter.

2.      I am an associate in the law firm of Jasinski PC, attorneys for Defendants in this matter.  As such, I am familiar with the facts of this matter as set forth in this Declaration.

3.      Settlement Conferences were conducted before Magistrate Judge Henry B. Pitman on February 14, 2013, March 14, 2013 and June 25, 2013.  At the June 25, 2013 Settlement Conference a settlement agreement was reached by the parties (öSettlement Agreementö) and placed on the record.

4.      Thereafter, the parties memorialized the terms of their Settlement Agreement as mutually agreed to at the June 25, 2013 Settlement Conference.

5.      Defendants signed the Settlement Agreement.  Thirteen of the sixteen Plaintiffs signed the Settlement Agreement.  However, three of the sixteen Plaintiffs, Ebere Nwokiwu, Anthony Rosal and Victor Clinton, never executed the Settlement Agreement.

6.      Thereafter, in November 2013, the Court issued an Order directing these three Plaintiffs to appear on December 9, 2013 to explain their failure to execute the written document.  The Order specifically provides that a failure to appear may result in a dismissal of the delinquent partiesø claims.  In disregard of the Court Order, Mr. Nwokiwu, Mr. Rosal and Mr. Clinton failed to appear at the December 9, 2013 Hearing and did not request any adjournment of same despite having notice of the Court Order.  A true and accurate copy of the Order is attached hereto as õExhibit A.ö

7.      At some point, Mr. Nwokiwu expressed in writing his desire not to proceed with the litigation and requested to be dismissed by the action.  A true and accurate copy of this correspondence is attached hereto as õExhibit B.ö

8.      I was subsequently advised by counsel for Plaintiffs that Messrs. Nwokiwu, Rosal and Clinton have not responded further to Plaintiffsø counseløs repeated requests that they contact her to discuss this case and the matters set forth herein.  Specifically, I was advised that Plaintiffsø counsel sent letters to Messrs. Rosal and Clinton via first class mail, certified mail and/or Federal Express on August 8, September 6 and October 7, 2013 and April 10 and April 27, 2015, requesting that they get in contact and/or face dismissal with prejudice.  Further, Plaintiffsø counsel sent emails to and/or called and left phone messages for Mr. Rosal on September 9, September 24, October 1, October 7, October 10, October 18 and December 2, 2013.  Likewise, Plaintiffsøcounsel called and left phone messages for Mr. Clinton on October 7, October 18 and December 2, 2013.  Further, I have been advised by counsel for Plaintiffs that

letters were sent via Federal Express, first class mail and email on April 27, 2015 to Messrs. Rosal and Clinton informing them that if they failed to get in touch with Plaintiffs' counsel, their claims would be dismissed with prejudice and further that they were no longer being represented by Lipman & Plesur, LLP.

9.      I am advised by Plaintiffs' counsel that to date, Messrs. Rosal and Clinton have not responded to these communications attempts.  As such, Messrs. Rosal and Clinton have held up the payment to the signing Plaintiffs.

10.      Defendants remain ready and willing to consummate their obligations under the Settlement Agreement and thirteen of the sixteen Plaintiffs await their receipt of settlement funds.

11.      Defendants seek enforcement of the Settlement Agreement.  A true and accurate copy is attached hereto as "Exhibit C."

12.      It would be unjust and prejudicial to the Defendants and the Plaintiffs who have executed this Settlement Agreement to allow these three non-signing Plaintiffs to: hold up the Settlement Agreement that they previously agreed to; preclude the remaining thirteen signing Plaintiffs from obtaining their settlement monies; and preclude Defendants from bringing this matter to a conclusion.  Further, the non-signing Plaintiffs' failure to respond to their counsel's efforts to communicate with them and their failure to comply with the Court's Order warrants their dismissal from these proceedings with prejudice or entry of an Order enforcing the settlement as to these Plaintiffs.

13.      For these reasons, Defendants respectfully request that the Court enter an Order deeming the matter settled in accordance with the Settlement Agreement, or in the alternative as to the thirteen signing Plaintiffs Clint Laldeo, Dowlat Ramdihal, Jose L. Zayas, Ricardo Brown,

Michael Lopez, Samuel Parshotam, Henry Reid, Alpheus Calderon, Tony Stevens, Nigel Pinnock, Francisco Feliciano, Carlton J. Borris, and that the lawsuit be dismissed as to the remaining three non-signing Plaintiffs (Messrs. Nwokiwu, Rosal and Clinton) with prejudice, and the $39,312.92 in funds that Messrs. Nwokiwu, Rosal and Clinton were to receive be extracted from the agreement or in the alternative the settlement be entered as to these Plaintiffs.

14.     In addition, the parties have resolved this litigation as to Melvin Mingo, a Plaintiff who opted-in after the initial settlement was reached.  Mr. Mingo will receive $7,500.00 which shall be deducted from the counsel fees Lipman & Plesur, LLP are to receive under this agreement.  There are no other opt-in Plaintiffs.  A true and accurate copy of Mr. Mingo's signed acceptance of the settlement is attached hereto as Exhibit D.

I declare under penalty of perjury under 28 U.S.C. 1746, that the foregoing is true and correct.

Dated: June 22, 2015
      Newark, New Jersey

JASINSKI, P.C.

By: <u>SUSAN BURNS</u>
    SUSAN BURNS
    *Attorneys for Defendants*
    *Deluxe Delivery Systems, Inc. and Yoindra*
    *("Ryan") Ramnarayan*
    Sixty Park Place, 8th Floor
    Newark, New Jersey 07102
    Telephone: (973) 824-9700
    Facsimile: (973) 824-6061
    sburns@jplawfirm.com

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

ANDERSON SAMAROO, individually          :
and on behalf of all others
similarly situated and as Class         :
Representative, <u>et al</u>.,

                                        :       11 Civ. 3391 (HBP)

                     Plaintiffs,        :

                                        :       <u>ORDER</u>
       -against-
                                        :

DELUXE DELIVERY SYSTEMS INC.,
<u>et al</u>.,                          :

                     Defendants.        :

------------------------------------X


TO:  Mr. Victor Clinton
     133-35 114th Place
     South Ozone Park, New York  11420

     Mr. Ebere Nwokiwu
     Apt. 1-D
     139-76 85th Drive
     Briarwood, New York  11435

     Mr. Anthony Rosal
     Apt. 3-F
     3201 Neptune Avenue
     Brooklyn, New York  11224


          PITMAN, United States Magistrate Judge:

          The foregoing parties/witnesses are hereby ORDERED to

appear and to give testimony in this matter on December 9, 2013

at 2:00 p.m. in Courtroom 18-A, United States Courthouse, 500

Pearl Street, New York, New York  10007 concerning their reported

unwillingness to execute the settlement agreement and release
negotiated by their counsel.  ***An unjustified failure to appear on
the date and at the time indicated may result in the dismissal of
the delinquent party's claims.***

Dated:  New York, New York
        November 26, 2013

                                  SO ORDERED

                                  _____
                                  HENRY PITMAN
                                  United States Magistrate Judge

Copies transmitted to:

Lizabeth Schalet, Esq.
Lipman & Plesur, L.L.P.
Suite 105
500 North Broadway
Jericho, New York  11753-2131

David F. Jasinski, Esq.
Jasinski, P.C.
8th Floor
60 Park Place
Newark, New Jersey  07102

# Exhibit B

**DECLARATION**

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF New York       )

I, Ebere Nwokiwu, declare as follows:

1.      I reside at 139-76 85th Drive, #1D, Briarwood, New York.

2.      I am an opt-in plaintiff in the action entitled *Anderson Samaroo, Clint Laldeo and Dowlat Ramdihal, Individually, On Behalf of All Others Similarly Situated and as Class Representatives v. Deluxe Delivery Systems Inc., Courier on the Run, Inc., Park Avenue Delivery, Inc. and Yoindra ("Ryan") Ramnarayan*, Index No. 11 Civ. 3391 (PAC) (HP) (Southern District of New York (the "Action") and hereby withdraw my claims in this action and no longer wish to proceed as a plaintiff.

3.      I consent to the dismissal of my claims with prejudice and understand that I will not be entitled to share in the settlement amount pursuant to any Settlement Agreement between the parties.

4.      I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 15th day of October 2013        _____
New York, New York                                        Ebere Nwokiwu

# Exhibit C

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between Anderson Samaroo, Clint Laldeo and Dowlat Ramdihal ("Named Plaintiffs"), Jose L. Zayas, Ricardo Brown, Michael Lopez, Samuel Parshotam, Ebere Nwokiwuu, Henry Reid, Alpheus Calderon, Victor Clinton, Tony Stevens, Anthony Rosal, Nigel Pinnock, Francisco Feliciano and Carlton J. Borris ("Opt-In Plaintiffs," and together with the Named Plaintiffs, "Plaintiffs") and Defendants Deluxe Delivery Systems Inc., Courier on the Run, Inc., Park Avenue Delivery, Inc. and Yoindra ("Ryan") Ramnarayan[1], (including, but not limited to, any present or former subsidiaries, divisions, parent corporations, joint ventures, partners, partnerships or otherwise affiliated or related entities and all successors, assigns, insurers, counsel, administrators, executors, officers, directors, agents, debtors, creditors, trustees, representatives or employees thereof of the aforementioned company and shall collectively be referred to throughout this Agreement as "Defendants").  Desiring to settle all matters between them, including, but not limited to any matters relating to or arising out of Plaintiffs' working relationship with Defendants, Defendants' counterclaims and termination of the action entitled *Anderson Samaroo, Clint Laldeo and Dowlat Ramdihal, Individually, On Behalf of All Others Similarly Situated and as Class Representatives v. Deluxe Delivery Systems Inc., Courier on the Run, Inc., Park Avenue Delivery, Inc. and Yoindra ("Ryan") Ramnarayan*, Index No. 11 Civ. 3391 (PAC) (HP) (Southern District of New York (the "Action"), Plaintiffs and Defendants hereby agree to the following terms and conditions of settlement:

    1.    The term "Released Parties" is used herein to include the Defendants, including

---

[1] As of the date of the signing of this Agreement, only defendants Deluxe Delivery Systems Inc. and Yoindra Ramnarayan have appeared in this matter.  Defendants Courier on the Run, Inc. and Park Avenue Delivery, Inc. have never appeared and are in default.  Nevertheless, this Agreement is meant to be a dismissal of claims against all defendants.

the individually named Defendant and the corporate Defendants, including the corporate Defendants' parent companies, their past, present and future subsidiaries and affiliates, as well as the past, present and future directors, officers, agents, shareholders, employees, attorneys and employees of, or any benefit plans sponsored by, such companies.

2.    Plaintiffs and Defendants understand and agree that neither the making of this Agreement nor anything contained therein, shall be construed or considered, in any way, to be an admission by Defendants of guilt or non-compliance with federal, state or local statute, public policy, tort law, contract (oral or written, expressed or implied), common law, Defendants' policies, practices or any other wrongdoing whatsoever related to Plaintiffs;

3.    Plaintiffs and Defendants agree that this Agreement resolves and settles any and all claims of any kind that Plaintiffs may have against any of the Defendants in the Action or that Defendants may have against any of the Plaintiffs in the Action.

IT IS FURTHER STIPULATED AND AGREED BY AND BETWEEN THE PARTIES AS FOLLOWS:

4.    No Claims Permitted

Plaintiffs and Defendants waive their rights to file any charge or complaint on their own behalf against each other, and to participate in any claim, charge or complaint which may be made by any other person or organization in their behalf before any federal, state, or local court or administrative agency or other forum against each other for any claim from the beginning of time up until the date of execution of this Agreement.  Plaintiffs and the Released Parties acknowledge that this Agreement does not affect the Equal Employment Opportunity Commission's (EEOC) rights and responsibilities to enforce the Age Discrimination in Employment Act or future rights under the Age Discrimination in Employment Act that arise

2

after the execution of the Agreement.   Each Plaintiff understands, however, that while this Agreement does not affect his right to file a charge or participate in an investigation or proceeding conducted by the EEOC, it does bar any claim that he might have to receive monetary damages in connection with any EEOC proceeding.   Each Plaintiff understands and agrees that he waives any right to monetary recovery should the EEOC pursue any claim on his behalf.   Each Plaintiff further acknowledges and agrees that the Released Parties may seek immediate dismissal of a charge or complaint filed with the EEOC on the basis that the Plaintiffs have acknowledged in this Agreement that they do not have valid claims.

     5.    <u>Consideration.</u>

Defendants agree to pay the gross settlement sum of $330,000.00 to Plaintiffs in two installments as follows:

Within thirty (30) days of the Court So Ordering a Stipulation of Dismissal with Prejudice, Defendants shall pay the amount of one hundred sixty-five thousand dollars, $165,000.00, via two checks as follows: i) as attorneys' fees and costs to the firm of Lipman & Plesur, LLP the amount of fifty-seven thousand fifteen dollars and eighty-seven cents ($57,915.87) for which a Form 1099 will be issued to Lipman & Plesur, LLP only; and ii) on behalf of Plaintiffs to Lipman & Plesur, LLP as and for payment in consideration of the claims alleged herein, including unreimbursed business expenses the amount of one hundred seven thousand eighty four dollars and thirteen cents ($107,084.13) to be distributed to Plaintiffs pursuant to the amounts listed on Schedule A attached hereto for which Defendants will issue each Plaintiff a Form 1099 with Box Number 3 checked.

Within ninety (90) days of the Court So Ordering a Stipulation of Dismissal with Prejudice, Defendants shall pay the amount of one hundred sixty-five thousand dollars,

$165,000.00, via two checks as follows: i) as attorneys' fees and costs to the firm of Lipman & Plesur, LLP the amount of fifty-seven thousand fifteen dollars and eighty-seven cents ($57,915.87) for which a Form 1099 will be issued to Lipman & Plesur, LLP only; and, ii) on behalf of Plaintiffs to Lipman & Plesur, LLP as and for payment in consideration of the claims alleged herein, including unreimbursed business expenses the amount of one hundred seven thousand eighty four dollars and thirteen cents ($107,084.13) to be distributed to Plaintiffs pursuant to the amounts listed on Schedule B attached hereto for which Defendants will issue each Plaintiff a Form 1099 with Box Number 3 checked.

   a.  Each Plaintiff must ensure that all taxes owed by him relating to the payments made hereunder are properly paid. In the event that any federal, state or local taxing authority or court determines that taxes, interest, and/or penalties are due and owing by any of the Plaintiffs as a result of the payments made hereunder, said taxes, interest, penalties or other liabilities shall be the sole obligation and liability of each Plaintiff, who agree to hold harmless and to indemnify the Released Parties from any tax-related or other liability with regard to Plaintiffs' portion of taxes, interest and/or penalties except that the Released Parties are responsible for sending plaintiffs any required tax forms.

   b.  Without limiting the terms of the Agreement, the parties agree and acknowledge that the settlement amount payable to Plaintiffs and their counsel shall be in full and final disposition and complete satisfaction of any and all claims by Plaintiffs against Defendants.

   c.  Plaintiffs and the Released Parties agree that they differ widely as to many issues including, but not limited to, whether Defendants exercised a sufficient level of control over Plaintiffs' work to warrant their classification as employees, the number of hours the

4

respective Plaintiffs worked as well as to the business expenses, if any, that Plaintiffs were entitled to recover. This Agreement will enable Plaintiffs and the Released Parties to avoid the burden and expenses of establishing their respective claims and defenses. Plaintiffs acknowledge that based on the information provided by Defendants and the information that Plaintiffs were aware and had in their own possession, the terms of this Agreement and the monies and/or benefits specified above are fair, reasonable and fully compensate each Plaintiff for any and all harms they allegedly suffered.

6. No Consideration Absent Execution of This Agreement. Plaintiffs understand and agree that they will only receive the monies and/or benefits specified in paragraph 5 above, if each of them executes the Agreement and fulfills the promises contained herein and the Court approves the Agreement.

7. Medicare/Medicaid. Each Plaintiff warrants that he is not a Medicare or Medicaid beneficiary as of the date of this release and therefore no conditional payments have been made by Medicare or Medicaid. Plaintiffs will indemnify, defend and hold the Released Parties harmless from any and all claims, liens, Medicare or Medicaid conditional payments and rights to payment, known or unknown. This settlement is based upon a good faith determination of Plaintiffs and the Released Parties to resolve a disputed claim. Plaintiffs and the Released Parties have not shifted responsibility of medical treatment to Medicare or Medicaid in contravention of 42 U.S.C. Sec. 1395y(b). Plaintiffs and the Released Parties resolved this matter in compliance with both state and federal law. Plaintiffs and the Released Parties made every effort to adequately protect Medicare's and Medicaid's interests and incorporate such into the settlement terms

5

8.   Acknowledgments and Affirmations.

a.   Each Plaintiff affirms that other than the Action, he has not filed, caused to be filed or presently is a party to any claim against Released Parties in any court or before any administrative agencies including but not limited to the Equal Employment Opportunity Commission, the New York Division of Human Rights, the United States Department of Labor and the New York Department of Labor.

b.   Each Plaintiff affirms that he has no known injuries or occupational diseases as a result of his business dealings with Released Parties.

9.   No Admission of Liability.   Defendants have entered into this Agreement solely for the purpose of avoiding the burden and expense of further litigation.   The making of this Agreement is not intended, and shall not be construed, as an admission that Defendants have violated any federal, state or local law, ordinance or regulation, breached any contract with or committed any wrong whatsoever against Plaintiffs.

10.   Non-Admissibility Into Evidence.   The parties agree that this Agreement is confidential and may be used as evidence only in a subsequent proceeding in which Defendants or Plaintiffs allege breach of or seek damages under this Agreement.

11.   Plaintiffs agree not to publish or state any defamatory or untruthful comment which injures Defendants' business.  Defendants agree not to publish or state any defamatory or untruthful comments about Plaintiffs. .

12.   Confidentiality.

a.   Plaintiffs agree that they will not disclose, either personally or through any person or entity, the terms hereof or payments made under the Agreement.

b.   Plaintiffs may communicate only the terms and conditions of this

6

Agreement to their attorney, spouse or domestic partner and tax advisor provided that, before making any disclosure to anyone, they instruct that individual not to convey or communicate this information to any other person or entity.

        c.      If a Plaintiff breaches the terms of this Confidentiality provision, such breach to be proven in Court, said Plaintiff agrees to pay to the Defendants an amount equal to fifty percent (50%) of the gross amount received in this Agreement by the breaching Plaintiff.

      13.    <u>Remedies for Breach by the Released Parties</u>.  In the event that Defendants fail to make a timely payment for any installment as set forth in paragraph 5 above, Plaintiffs shall provide notice of the default by facsimile and regular mail to Defendants' attorneys.  Notice under this provision shall be made to Richard Spitaleri, Jr., Esq., Jasinski, P.C., 60 Park Place, 8th Floor, Newark, NJ 07102, by facsimile (973) 824-6061 and regular mail, or to such designee as advised by an agent of Defendants.  Defendants will then have ten (10) days from the date of receipt of such notice within which to cure the default.  If the default is not cured within such time, the entire amount remaining to be paid shall become due and owing as of the eleventh day following the receipt of said notice.  Further, the parties agree that the federal court and Magistrate Judge Pitman will retain jurisdiction of this matter regarding any default or claimed default of this Agreement or to enforce the terms and conditions of the Agreement.

      14.    <u>Waiver of Future Employment.</u>

        a.      Each Plaintiff agrees to cease doing business with Related Parties and to waive any right that Plaintiffs may have to return to work for Defendants and/or apply to do work for Defendants upon receiving the first payment outlined in paragraph 5 above.  Plaintiffs agree that if Plaintiffs knowingly or unknowingly apply for a position with any of Defendants and is offered or accepts a position, the offer may be withdrawn, or Plaintiffs may be terminated

immediately, without liability, notice or cause. Plaintiffs further agree that, in the event that Plaintiffs receive such an offer or an offer is withdrawn, or any termination results as described in this Section, Plaintiffs waive any right to seek legal or administrative redress of any kind for events relating to the withdrawal of the offer or termination of employment. Said waiver includes, but is not limited to: (i) any claim of wrongful termination, harassment or retaliation under any federal, state, or local civil, bias, whistleblower, retaliation, discrimination, human rights law, wage and hour law or any other local, state or federal law, regulation or ordinance; and (ii) any public policy, contract (whether oral or written, express or implied from any source), tort, or common law claim. This provision will be void if the payments described above are not paid in full.

15. <u>Consultation With Counsel</u>. Plaintiffs acknowledge that they have been given the opportunity to consult with an attorney prior to executing this Agreement and have consulted with Lizabeth Schalet, Esq. and David A. Robins, Esq., members of Lipman & Plesur, LLP; they have carefully read the Agreement in its entirety; they have been given at least twenty-one days within which to consider the Agreement prior to its execution and seven days after signing this Agreement to revoke the Agreement; they fully understand the terms of the Agreement and their significance; and, they voluntarily assent to all the terms and conditions contained therein, and that they are signing this Agreement voluntarily and of their own free will. Each Plaintiff agrees and represents that if he signs this Agreement before the twenty-one day consideration period expires that he is doing so voluntarily and waiving his respective right to have additional time within which to consider this Agreement.

16. <u>Complete Understanding Of The Parties</u>. This Agreement represents the complete understanding between the parties and no other promises or agreements shall be

8

binding unless signed by these parties.

17.     Binding Agreement.  This Agreement is binding upon, and shall inure to the benefit of, the parties and their respective heirs, executors, administrators, successors and assigns.

18.     Interpretation.  This Agreement is made and entered into in the State of New York, and shall in all respects be interpreted, enforced and governed under the laws of said State to create an enforceable general release.   If the Court finds any provision of this Agreement void or unenforceable, the entire Agreement shall be null and void and the settlement abandoned and the case reinstated with any statute of limitations defense waived.  In other words, in such case, Defendants agree that this matter will be reinstated to the docket and waive any right to claim a statute of limitations argument therein.

19.     General Release of Claims.

a.     Plaintiffs and Defendants knowingly and voluntarily release and forever discharge each other, inclusive of and from any and all claims, known and unknown, which Plaintiffs and Defendants have or may have against each other from the beginning of time up until the date of execution of this Agreement including, but not limited to, any alleged violation of:

- The National Labor Relations Act of 1935;

- Title VII of the Civil Rights Act of 1964;

- The Civil Rights Acts of 1866 and 1991;

- Sections 1981 through 1988 of Title 42 of the United States Code;

- The Employee Retirement Income Security Act of 1974;

- The Equal Pay Act of 1973;

9

- The Family and Medical Leave Act of 1993;

- The Americans with Disabilities Act of 1990;

- The Rehabilitation Act of 1973;

- The Age Discrimination Employment Act of 1967;

- The Older Workers Benefit Protection Act of 1990;

- The Fair Labor Standards Act;

- The Occupational Safety and Health Act of 1970;

- The Worker Adjustment and Retraining Notification Act of 1989;

- The Sarbanes Oxley Act of 2002;

- The New York State Human Rights Law;

- The New York Minimum Wage Law;

- The New York State Labor Law;

- The New York State Equal Pay Act;

- The New York City Administrative Code;

- The New York City Human Rights Law;

- Any other federal, state or local civil, bias, whistleblower, retaliation, discrimination, human rights law, wage and hour law or any other local, state or federal law, regulation or ordinance;

- Any public policy, contract (whether oral or written, express or implied from any source), tort, or common law claim; and,

- Any allegation for costs, fees, or other expenses including attorneys' fees incurred in these matters.

b.      Each Plaintiff acknowledges and agrees that any claims for money, damages or relief of whatever nature, known or unknown, in any way growing out of or connected with his employment with Defendants, would be barred by the entire controversy doctrine.

c.      Each Plaintiff acknowledges and agrees that the release incorporates past acts and in the event a Court of competent jurisdiction determines that any Plaintiff is not precluded from bringing an action, litigation, or proceeding against the Released Parties in the future, each Plaintiff agrees he is precluded from using, referring to, and/or referencing any of the facts giving rise to or provided as the basis for any future action, litigation, or proceeding. Each Plaintiff agrees that he cannot make reference to any events, conduct, statements, actions or omissions that occurred prior to the execution date having been paid adequate consideration for a release of any claims which may have arose from such events, conduct, statements, actions or omissions.

d.      Each Plaintiff acknowledges and agrees that by inclusion of language that the settlement is to terminate all controversy in or claims for damages or relief of whatever nature, known or unknown, in any way growing out of or connected with each Plaintiff's employment status, wages, and any monies received or not received by each Plaintiff the Agreement is made in full and complete resolution of any dispute any Plaintiff may have relating to or regarding his employment or monies received or not received by him.  Each Plaintiff acknowledges that there is no longer a case or controversy regarding his employment, wages, and any monies received, and/or monies not received.  Each Plaintiff further acknowledges and agrees that by inclusion of language that the settlement is to terminate all controversy in or claims for damages or relief of whatever nature, known or unknown, in any way growing out of

11

or connected with any wages paid or not paid, each Plaintiff has agreed that he has received compensation for all work performed.

  e. In the event that the law prohibits a waiver of claims under any such statute, each Plaintiff acknowledges that he has no valid claim under those statutes because the amount he received from Defendants far exceeds any and all compensation and/or damages he may have been able to recover under the applicable federal and state statutes.  The claims released or acknowledged not to exist include, but are not limited to, any alleged violation of the Fair Labor Standards Act, as amended, New York Labor Law, and New York Wage and Hour Law as well as any other claims for overtime, wages, and any and all damages, costs, fees, or other expenses, including attorneys' fees, incurred in any such matter.

  20. <u>Section Headings</u>.  Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

  21. <u>Continuing Jurisdiction</u>.  The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby, including, but not limited to, a breach by any of the Plaintiffs, Defendants or Released Parties.

  22. <u>Counterparts and Facsimile Signatures</u>.  This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and may be enforced as such.  The parties agree that a facsimile or scanned signature shall have the same force and effect as an original signature and that this Agreement may be executed in counterparts by facsimile or Adobe PDF attachments to emails.

THE PARTIES HAVE READ AND FULLY CONSIDERED THIS AGREEMENT AND MUTUALLY DESIRE TO ENTER INTO THIS AGREEMENT. THE TERMS OF THIS AGREEMENT, INCLUDING THE GENERAL RELEASE, ARE THE PRODUCT OF MUTUAL NEGOTIATION AND COMPROMISE BETWEEN PLAINTIFFS AND DEFENDANTS. PLAINTIFFS ACKNOWLEDGE THAT THE RIGHTS AND CLAIMS THEY WAIVE IN THIS AGREEMENT ARE IN EXCHANGE FOR CONSIDERATION IN ADDITION TO ANYTHING OF VALUE TO WHICH THEY ALREADY ARE ENTITLED AND THAT THEY WOULD NOT RECEIVE SAID CONSIDERATION EXCEPT FOR THEIR EXECUTION OF THIS AGREEMENT. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULLFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 5 ABOVE, EACH PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASED PARTIES. PLAINTIFFS FURTHER ACKNOWLEDGE THAT THEY HAVE READ THIS AGREEMENT FULLY AND CAREFULLY AND UNDERSTANDS ITS TERMS; AND THAT THEY ARE SIGNING IT KNOWINGLY AND VOLUNTARILY. THE PARTIES WHO DO NOT SPEAK ENGLISH AS A FIRST LANGUAGE REPRESENT THAT THIS AGREEMENT HAS BEEN TRANSLATED INTO THEIR PRIMARY LANGUAGE.

Dated: ~~09/08~~ 08/09/13 _____

_____
Anderson Samaroo

STATE OF NEW YORK )
) ss.:
COUNTY OF New York )

On this 9 day of August 2013, before me personally came Anderson Samaroo, and who, after providing proper identification, executed the foregoing Settlement Agreement and Release.

_____
Notary Public


Dated: 8/8/13 _____

_____
Clint Laldeo

STATE OF NEW YORK )
) ss.:
COUNTY OF New York )

On this 9 day of August 2013, before me personally came Clint Laldeo, and who, after providing proper identification, executed the foregoing Settlement Agreement and Release.

_____
Notary Public

LIZABETH SCHALET
Notary Public, State of New York
No. 02SC8112794
Qualified in Kings County
Commission Expires July 12, 20___  11-5-13


Dated: 8/9/13 _____

_____
Dowlat Ramdihal

STATE OF NEW YORK )
) ss.:
COUNTY OF New York )

On this 9 day of August 2013, before me personally came Dowlat Ramdihal, and who, after providing proper identification, executed the foregoing Settlement Agreement and Release.

_____
Notary Public

LIZABETH SCHALET
Notary Public, State of New York
No. 02SC8112794
Qualified in Kings County
Commission Expires July 12, 20___  Nov. 5, 2015

14

Dated: _August 15, 2013_                          _Jose L Zayas_
                                                   Jose L. Zayas

STATE OF NEW YORK        )
                        ) ss.:
COUNTY OF _New York_     )

        On this _15_ day of _August_ 2013, before me personally came Jose
L. Zayas, and who, after providing proper identification, executed the foregoing Settlement
Agreement and Release.

_Liz Schalet_
Notary Public

> LIZABETH SCHALET
> Notary Public, State of New York
> No. 02SC6112794
> Qualified in Kings County
> Commission Expires July 12, 20___

Dated: _8\8\13_                                   _Ricardo Brown_
                                                   Ricardo Brown

STATE OF NEW YORK        )
                        ) ss.:
COUNTY OF _New York_     )

        On this _8_ day of _August_ 2013, before me personally came
Ricardo Brown, and who, after providing proper identification, executed the foregoing
Settlement Agreement and Release.

_Lizabeth Schalet_
Notary Public

> LIZABETH SCHALET
> Notary Public, State of New York
> No. 02SC6112794
> Qualified in Kings County
> Commission Expires July 12, 20___
> 11-3-15

Dated: _8-8-13_                                   _Michael Lopez_
                                                   Michael Lopez

STATE OF NEW YORK        )
                        ) ss.:
COUNTY OF _New York_     )

        On this _8_ day of _August_ 2013, before me personally came
Michael Lopez, and, who, after providing proper identification, executed the foregoing
Settlement Agreement and Release.

_Lizbeth Schalet_
Notary Public

Dated: _August 21_   _[signature]_
                                            Samuel Parshotam

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF _____ )   _Aug 21_

  On this ____ day of _Aug 21_ 2013, before me personally came
Samuel Parshotam, and who, after providing proper identification, executed the foregoing
Settlement Agreement and Release.

_____
Notary Public


Dated: _____   _____
                                            Ebere Nwokiwuu

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF _____ )

  On this ____ day of _____ 2013, before me personally came Ebere
Nwokiwuu, and who, after providing proper identification, executed the foregoing Settlement
Agreement and Release.

_____
Notary Public


Dated: _8/9/13 /d_   _Henry Reid_
                                            Henry Reid

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF _New York_ )

  On this _1_ day of _AUGUST_ 2013, before me personally came Henry
Reid, and who, after providing proper identification, executed the foregoing Settlement
Agreement and Release.

_Lizabeth Schalet_
Notary Public

16

Dated: 8/9/2013          _____
                          Alpheus Calderon

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF New York         )

On this 9 day of August 2013, before me personally came Alpheus Calderon, and who, after providing proper identification, executed the foregoing Settlement Agreement and Release.

_____
Notary Public

LIZABETH SCHALET
Notary Public, State of New York
No. 02SC6112794
Qualified in Kings County
Commission Expires July 12, 20__

Dated: _____    _____
                          Victor Clinton

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF _____    )

On this ____ day of _____ 2013, before me personally came Victor Clinton, and who, after providing proper identification, executed the foregoing Settlement Agreement and Release.

_____
Notary Public

Dated: 8/16/13           _____
                          Tony Stevens

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF New York         )

LIZABETH SCHALET
Notary Public, State of New York
No. 02SC6112794
Qualified in Kings County
Commission Expires July 12, 20__   11-5-01

On this 16 day of August 2013, before me personally came Tony Stevens, and who, after providing proper identification, executed the foregoing Settlement Agreement and Release.

_____
Notary Public

17

Dated: _____     _____
                                     Anthony Rosal

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF _____ )

      On this ____ day of _____ 2013, before me personally came Anthony Rosal, and who, after providing proper identification, executed the foregoing Settlement Agreement and Release.

_____
Notary Public

Dated: _09/19/13___     _____
                                     Nigel Pinnock

                                     LIZABETH SCHALET
                                     Notary Public, State of New York
                                     No. 02SC6112794
                                     Qualified in Kings County
                                     Commission Expires July 12, 20___   11-5-15

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF _New York_     )

      On this 19 day of _August_ 2013, before me personally came Nigel Pinnock, and who, after providing proper identification, executed the foregoing Settlement Agreement and Release.

_Lizabeth Schalet_
Notary Public

Dated: _8-8-13_     _____
                                     Francisco Feliciano

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF _New York_     )

      On this 8th day of _August_ 2013, before me personally came Francisco Feliciano, and who, after providing proper identification, executed the foregoing Settlement Agreement and Release.

_Lizabeth Schalet_
Notary Public

                                     LIZABETH SCHALET
                                     Notary Public, State of New York
                                     No. 02SC6112794
                                     Qualified in Kings County
                                     Commission Expires July 12, 20___   Nov. 5, 2015

18

Dated: _10-9-2013_                    Carlton Borris
                                      Carlton J. Borris

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF _Kings_        )

      On this _9_ day of _Oct._ _____ 2013, before me personally came
Carlton J. Borris, and who, after providing proper identification, executed the foregoing
Settlement Agreement and Release.

_Liz Schol_
Notary Public

    Not: ...BETH SCHALET
    ... State of New York
    ... 12794
    ... County
    Comm: ... 3, 20_15_

Deluxe Delivery Systems Inc.

Dated: _____          By: _____
                                Name: _____
                                Title: _____

Dated: _____          _____
                                Yoindra Ramnarayan

19

Dated: _____          _____
                                        Carlton J. Borris

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF _____   )

        On this ____ day of _____ 2013, before me personally came
Carlton J. Borris, and who, after providing proper identification, executed the foregoing
Settlement Agreement and Release.

_____
Notary Public

Deluxe Delivery Systems Inc.

Dated: August 8th, 2013          By: _____
                                 Name: YOINDRA RAMNARAYAN
                                 Title: PRESIDENT & CEO

Dated: August 8th, 2013          _____
                                 Yoindra Ramnarayan

19

## EXHIBIT A
## ANDERSON SAMAROO, ET AL. V. DELUXE DELIVERY  SYSTEMS INC., ET AL.
## SETTLEMENT

| | |
|---|---|
| Anderson Samaroo | $5,617.10 |
| Clint Laldeo | $10,123.84 |
| Dowlat Ramdihal | $6,270.25 |
| Jose L. Zayas | $22,403.08 |
| Ricardo Brown | $21,553.99 |
| Michael Lopez | $13,585.54 |
| Samuel Parshotam | $12,017.98 |
| Ebere Nwokiwuu | |
| Henry Reid | $17,700.40 |
| Alpheus Calderon | $12,605.82 |
| Victor Clinton | |
| Tony Stevens | $13,454.91 |
| Anthony Rosal | |
| Nigel Pinnock | $20,247.68 |
| Francisco Feliciano | $9,274.75 |
| Carlton Borris | $10,000.00 |

# Exhibit D

I have read and fully understand the attached Settlement Agreement and Release in the matter of *Anderson Samaroo, Clint Laldeo and Dowlat Ramdihal, Individually, On Behalf of All Others Similarly Situated and as Class Representatives v. Deluxe Delivery Systems Inc., Courier on the Run, Inc., Park Avenue Delivery, Inc. and Yoindra ("Ryan") Ramnarayan*, Index No. 11 Civ. 3391 (PAC) (HP) (Southern District of New York (the "Action") (hereafter the "settlement agreement") and agree to be bound by all of the terms, conditions and obligations set forth therein for the Plaintiffs.   Further, by my signature below, I affirm that I am fully and forever releasing Defendants Deluxe Delivery Systems Inc., Courier on the Run, Inc., Park Avenue Delivery, Inc. and Yoindra ("Ryan") Ramnarayan, (including, but not limited to, any present or former subsidiaries, divisions, parent corporations, joint ventures, partners, partnerships or otherwise affiliated or related entities and all successors, assigns, insurers, counsel, administrators, executors, officers, directors, agents, debtors, creditors, trustees, representatives or employees thereof of the aforementioned company ("Defendants") of any known or unknown claims from the beginning of time through the date of my signature below.  I understand that in exchange, I will be receiving the total sum of $7,500.00 in two installment payments pursuant to the terms set forth for payment in the settlement agreement.

Dated:  _June 3, 2015_                           _____
                                                  Melvin Mingo

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF _New York_       )

On this _3_ day of _June_ _____ 2015, before me personally came Melvin Mingo, and who, after providing proper identification, executed the foregoing Settlement Agreement and Release.

_____
Notary Public

LIZABETH SCHALET
Notary Public, State of New York
No. 02SC6112104
Qualified in Kings County
Commission Expires July 12, 20_15_

Lipman & Plesur, LLP hereby acknowledges and agrees that the $7,500.00 to be paid to Melvin Mingo shall be deducted from the legal fees to be paid to Lipman & Plesur, LLP under the Settlement Agreement.

                                  Lipman & Plesur, LLP

                                  _____
                                  Lizabeth Schalet, Esq.

                    LIZABETH SCHALET
                    Notary Public, State of New York
                    No. 02SC6112104
                    Qualified in Kings County
                    Commission Expires July 12, 20 ___