```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ANDERSON SAMAROO, individually     :
and on behalf of all others
similarly situated, et al.,        :

                    Plaintiffs,    :    11 Civ. 3391 (HBP)

    -against-                      :    OPINION
                                        AND ORDER
DELUXE DELIVERY SYSTEMS INC.,      :
et al.,
                                   :
                    Defendants.
                                   :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I. Introduction

This matter is before me on defendants Deluxe Delivery Systems Inc. ("Deluxe") and Yoindra Ramnarayan's motion to approve the settlement reached in this matter (Notice of Motion, dated June 22, 2015 (Docket Item 56)).[1] The parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c) (Notice, Consent and Reference of a Civil Action to a Magistrate Judge, dated June 25, 2013 (Docket Item 45)).

---

[1] To date, only defendants Deluxe and Ramnarayan have appeared in this action. Defendants Courier on the Run, Inc. and Park Avenue Delivery, Inc. have never appeared. Nonetheless, the agreement reached in this matter is intended to dispose of all claims against all defendants (Defendants' Motion for Approval of Settlement, dated June 22, 2015 (Docket Item 57), at 1 n.1).

II.  Background

On May 18, 2011, named plaintiffs Anderson Samaroo and Clint Laldeo commenced this action against Deluxe and Ramnarayan as a putative class action under the New York Labor Law ("NYLL") §§ 190 et seq., 650 et seq. and a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., for unpaid wages and overtime (Complaint, dated May 17, 2011 (Docket Item 1)).  Samaroo and Laldeo also asserted claims for unlawful deductions under the FLSA and the NYLL and retaliation under the NYLL.

On September 2, 2011, plaintiffs amended the complaint to add Dowlat Ramdihal as a named plaintiff and Courier on the Run, Inc. and Park Avenue Delivery, Inc. as defendants (Amended Complaint, dated September 1, 2011 (Docket Item 11)).  Thereafter, opt-in plaintiffs Jose Zayas, Ricardo Brown, Michael Lopez, Samuel Parshotam, Victor Clinton, Anthony Rosal, Henry Reid, Alpheus Calderon, Ebere Nwokiwu, Tony Stevens, Nigel Pinnock, Francisco Feliciano and Carlton Borris joined the collective action as plaintiffs (Docket Items 14-17, 20-25, 27-28, 30).

In their amended complaint, plaintiffs allege that they were employed by defendants as couriers, messengers, deliverers, dispatchers and in other similar positions and that defendants

(1) did not pay them the statutory minimum wage, (2) did not pay them overtime, (3) took unlawful deductions from plaintiffs' wages and (4) retaliated against the named plaintiffs for complaining about NYLL violations.

On January 25, 2012, Deluxe and Ramnarayan filed their answer to the amended complaint (Answer to Amended Complaint, dated January 25, 2012 (Docket Item 26)). Deluxe and Ramnarayan later amended their answer on December 3, 2012, adding various counterclaims against Brown, Zayas, Parshotam and Reid (Answer to Amended Complaint and Counterclaims, dated December 3, 2012 (Docket Item 34)).

The parties appeared before me for settlement conferences on three occasions -- February 14, 2013, March 14, 2013 and June 21, 2013. At the third settlement conference, the parties reached an agreement to settle the action, the principal terms of which were recited on the record in open court.

Thereafter, the parties memorialized the settlement in a written agreement (the "Settlement Agreement"). Under the Settlement Agreement, Deluxe and Ramnarayan agreed to pay a gross settlement amount of $330,0000, inclusive of attorneys' fees and costs in exchange for, among other things, a release of all claims against all defendants (Declaration of Susan Burns, dated June 22, 2015 (Docket Item 58) ("Burns Decl."), Ex. C). The

Settlement Agreement further specifies that $115,831.74 of the $330,000.00 gross settlement amount is allocable to attorneys' fees and costs (Burns Decl., Ex. C).

The Settlement Agreement has been signed by defendants Deluxe and Ramnarayan and plaintiffs Samaroo, Laldeo, Ramdihal, Zayas, Brown, Lopez, Parshotam, Reid, Calderon, Stevens, Pinnock, Feliciano and Borris (Burns Decl., ¶ 5). However, plaintiffs Nwokiwu, Rosal and Clinton have not signed the Settlement Agreement (Burns Decl., ¶ 5).

On or about October 15, 2013, Nwokiwu signed a declaration in which he consented to the dismissal of all of his claims with prejudice. In his declaration, Nwokiwu also stated that he understood that, by withdrawing his claims with prejudice, he would not be entitled to his share of the settlement proceeds (Burns Decl., Ex. B).

Plaintiffs' counsel made repeated attempts to contact Rosal and Clinton in August, September, October and December of 2013 but was unable to reach them (Burns Decl., ¶ 8). On November 26, 2013, I issued an Order directing Nwokiwu, Rosal and Clinton to appear on December 9, 2013 and explain why they had not signed the Settlement Agreement. My Order further advised Rosal and Clinton that "**[_a_]_n unjustified failure to appear on the date and at the time indicated may result in the dismissal of the_**

4

***delinquent party's claims***" (Order, dated November 26, 2013 (Docket Item 50), at 2 (emphasis in original)).  Rosal and Clinton failed to appear at the December 9, 2013 conference (Burns Decl., ¶ 6).

Further, on or about April 27, 2015, plaintiffs' counsel sent letters to Rosal and Clinton by first class mail and email informing them that if they failed to contact plaintiffs' counsel, their claims would be dismissed with prejudice (Burns Decl., ¶ 8).

Finally, on January 14, 2014, opt-in plaintiff Melvin Mingo joined the collective action (Docket Item 51).  Shortly thereafter, Mingo and defendants reached a separate settlement agreement (the "Mingo Agreement"), which binds Mingo to the material terms of the Settlement Agreement and further provides that Mingo will receive $7,500.00, which shall be deducted from the amount allocated to plaintiffs' counsel's fees under the Settlement Agreement (Burns Decl., ¶ 14 & Ex. D).

III. Analysis

In this motion, Deluxe and Ramnarayan request either that (1) the parties' settlement be approved and enforced as to all plaintiffs, including Nwokiwu, Rosal and Clinton, or (2) (a) the parties' settlement be approved as to the plaintiffs that

signed the Settlement Agreement and as to Mingo, (b) Nwokiwu, Rosal and Clinton be dismissed from the case with prejudice for failure to comply with my November 26, 2013 Order and (c) the settlement fund be reduced by $39,312.92, the amount allocable to the claims of these three plaintiffs (Burns Decl., ¶¶ 12-14).[2]

As an initial matter, because Nwokiwu, Rosal and Clinton have not signed the Settlement Agreement, they cannot be bound by it. Accordingly, I deny Deluxe and Ramnarayan's request to approve the settlement as to all plaintiffs, including Nwokiwu, Rosal and Clinton.

With respect to the plaintiffs who have signed the Settlement Agreement and Mingo, I conclude that the settlement reached by those parties is fair and reasonable.

> Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of

---

[2] At the December 9, 2013 conference, plaintiffs' counsel represented that plaintiffs planned to file a motion similar to the instant motion, in which they would seek to enforce the Settlement Agreement as to the plaintiffs that signed the agreement and have Nwokiwu, Rosal and Clinton "severed" from the case (Transcript of Civil Cause for Motions Conference, dated December 9, 2013 (Docket Item 52), at 30). Although plaintiffs never filed that motion, they also have not opposed the present motion. Further, during the December 9, 2013 conference, plaintiffs' counsel stated that it was her belief that "the plaintiffs who haven't signed [the Settlement Agreement] should be deemed to have failed to prosecute their claims and their claims should be dismissed" and that they had "abandoned their claims" (Transcript of Civil Cause for Motions Conference, dated December 9, 2013 (Docket Item 52), at 31).

>     contested litigation to resolve bona fide disputes."
>     Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376,
>     at *12 (S.D.N.Y. Sept. 16, 2011).  "If the proposed
>     settlement reflects a reasonable compromise over con-
>     tested issues, the court should approve the settle-
>     ment."  Id. (citing Lynn's Food Stores, Inc. v. United
>     States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement."  Beckman v. Keybank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir. 1982).

      Here, after deducting the $39,312.92 allocable to Nwokiwu, Rosal and Clinton and incorporating the terms of the Mingo Agreement, the Settlement Agreement provides for a total payment, inclusive of attorneys' fees and costs, of $290,687.08 to the signing plaintiffs.[3]  The parties agreed to this amount, as well as the other material terms of the Settlement Agreement,

---

[3] Under the Settlement Agreement, the total settlement figure will be paid in two equal installments.  The first installment is to be paid within 30 days of an order dismissing the case with prejudice, and the second installment is to be paid within 60 days thereafter.  Plaintiffs further agree to (1) keep the terms of the settlement confidential, which is enforced by a liquidated damages provision; (2) separate or resign from defendants and (3) not seek work or employment with defendants in the future.  The Settlement Agreement also contains notice and cure provisions in the event of default by Deluxe and/or Ramnarayan.

after three lengthy settlement conferences attended by counsel for both sides.  During the three settlement conferences, counsel for both sides zealously represented their respective clients and demonstrated their mastery of the pertinent legal principals.  Further, while acknowledging their clients' potential exposure, defendants' counsel presented a compelling argument that plaintiffs faced the possibility of dismissal through a summary judgment motion because, in defendants' opinion, plaintiffs were independent contractors under the FLSA and NYLL, and not employees.

Given the general uncertainty of litigation and the fact that plaintiffs and defendants hotly dispute plaintiffs' status as employees, which is a crucial factor in determining both liability and the amount of damages defendants may owe, see Browning v. Ceva Freight, LLC, 885 F. Supp. 2d 590, 607, 610 (E.D.N.Y. 2012) (granting summary judgment to defendants on NYLL and FLSA claims for unpaid wages and overtime because plaintiff delivery drivers were independent contractors, not employees), the settlement represents a fair and reasonable compromise with respect to the contested issues.[4]

---

[4] I do not address the fee arrangement between plaintiffs and their counsel because I do not believe I am required to do so under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d
(continued...)

Accordingly, I approve the settlement in this matter as to Samaroo, Laldeo, Ramdihal, Zayas, Brown, Lopez, Parshotam, Reid, Calderon, Stevens, Pinnock, Feliciano, Borris and Mingo. In light of the settlement, the action is dismissed with respect to those plaintiffs with prejudice and without costs.  The Court shall retain jurisdiction to enforce the settlement agreement in the event of default.  See Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015).

With respect to defendants' application to have Nwokiwu, Rosal and Clinton's claims dismissed with prejudice, Nwokiwu's claims are hereby dismissed with prejudice and without costs on the basis of his declaration, in which he consented to the dismissal of all of his claims with prejudice and stated that he understood that the withdrawal of his claims with prejudice meant that he would not be entitled to his share of the settlement proceeds (Burns Decl., Ex. B).

As for Rosal and Clinton, while courts have the inherent power to "manage their own affairs so as to achieve the

---

[4](...continued)
Cir. 2015), cert. denied, 136 S. Ct. 824 (2016).  As described in Cheeks, the purpose of the FLSA is to regulate the relationship between an employee and his employer and to protect the employee from over-reaching by the employer.  796 F.3d at 207.  I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney.

orderly and expeditious disposition of cases," <u>Lewis v. Rawson</u>, 564 F.3d 569, 575 (2d Cir. 2009) (citation and internal quotations marks omitted), "dismissal [for failure to prosecute or failure to obey a court order] is 'a harsh remedy to be utilized only in extreme situations,'" <u>Minnette v. Time Warner</u>, 997 F.2d 1023, 1027 (2d Cir. 1993), <u>quoting</u> <u>Gibbs v. Hawaiian Eugenia Corp.</u>, 966 F.2d 101, 109 (2d Cir. 1992).

> A district court's authority to dismiss a case for failure to prosecute or comply with a court order derives from [its] case management power, as well as the Federal Rules of Civil Procedure. [<u>Lewis v. Rawson</u>, <u>supra</u>, 564 F.3d at 575]; Fed.R.Civ.P. 41(b) (permitting dismissal "[i]f plaintiff fails to prosecute or to comply with . . . a court order").

<u>Hernandez v. Prof'l Maint. & Cleaning Contractors Inc.</u>, No. 13-CV-2875 FB LB, 2015 WL 128020 at *9 (E.D.N.Y. Jan. 8, 2015).

The Second Circuit has identified five principal factors to be considered in deciding whether to dismiss a case for failure to prosecute or comply with a court order:

> (1) the duration of the Plaintiffs' failures, (2) whether the Plaintiffs received notice that further delays would result in dismissal, (3) whether the Defendant is likely to be prejudiced by further delay, (4) a balancing of the need to alleviate court congestion against the Plaintiffs' rights to due process and a fair chance to be heard, and (5) whether lesser sanctions would be adequate.

10

Savage v. Unite Here, 05 Civ. 10812 (LTS)(DCF), 2007 WL 1584206 at *1 (S.D.N.Y. May 31, 2007) (Swain, D.J.), citing Shannon v. Gen. Elec. Co., 186 F.3d 186, 193-94 (2d Cir. 1999).

       Here, the foregoing factors weigh in favor of dismissing Rosal and Clinton's claims.  First, Rosal and Clinton have not appeared in court or contacted their counsel, despite their counsel's attempts, for over two years.  Second, my November 26, 2013 Order expressly warned Rosal and Clinton that failure to appear at the December 9, 2013 conference could result in dismissal of their claims.  Third, defendants, as well as the remaining plaintiffs, have been prejudiced by the delay here because they have been unable to consummate a negotiated settlement agreement that resolves this matter in its entirety. Fourth, Rosal and Clinton have had several opportunities to be heard in this matter and instead have ignored my November 26, 2013 order as well as repeated attempts by plaintiffs' counsel to contact them.  Fifth, due to the effective disappearance of Rosal and Clinton, lesser sanctions are unlikely to be effective.

       Notwithstanding the foregoing, because Rosal and Clinton have been provided with only one prior warning that their claims could be dismissed with prejudice if they failed to appear, I shall leave them a "safety valve" in the event they do wish to participate in the settlement.  I hereby dismiss the

11

claims of Rosal and Clinton with prejudice and without costs, provided that their claims may be reinstated for the sole purpose of signing, and being bound by the terms of, the Settlement Agreement if they contact my chambers and express such an interest within thirty (30) days of the date of this Order.

IV. Conclusion

Accordingly, the parties' settlement is approved with respect to Samaroo, Laldeo, Ramdihal, Zayas, Brown, Lopez, Parshotam, Reid, Calderon, Stevens, Pinnock, Feliciano, Borris and Mingo and those plaintiffs' claims are dismissed with prejudice and without costs. The claims of Nwokiwu are dismissed with prejudice and without costs. The claims of Rosal and Clinton are dismissed with prejudice and without costs, provided that their claims may be reinstated for the sole purpose of signing, and being bound by the terms of, the Settlement Agreement if they contact my chambers and express such an interest within thirty (30) days of the date of this Order. The Court shall retain

jurisdiction to enforce the Settlement Agreement and the Mingo Agreement in the event of default.

Dated: New York, New York
       March 17, 2016

                                         SO ORDERED

                                         HENRY PITMAN
                                         United States Magistrate Judge

Copies mailed to:

Robert D. Lipman, Esq.
David A. Robins, Esq.
Lizabeth Schalet, Esq.
Lipman & Plesur, LLP
Suite 105
500 North Broadway
Jericho, New York  11753

David F. Jasinski, Esq.
Jasinski, P.C.
8th Floor
60 Park Place
Newark, New Jersey  07102

Mr. Victor Clinton
133-35 114th Place
South Ozone Park, New York  11420

Mr. Ebere Nwokiwu
Apt. 1-D
139-76 85th Drive
Briarwood, New York  11435

Mr. Anthony Rosal
Apt. 3-F
3201 Neptune Avenue
Brooklyn, New York  11224